IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STATE OF HAWAII, | ) | CIVIL NO. 19-00683 JAO-KJM |
|---|---|---|
| Plaintiff, | ) | ORDER REMANDING ACTION |
| vs. | ) | |
| KAPANA B. THRONAS-KAHOONEI, | ) | |
| Defendant. | ) | |

## ORDER REMANDING ACTION

Defendant Kapana B. Thronas-Kahoonei ("Thronas-Kahoonei") filed a Notice of Removal, citing 28 U.S.C. §§ 1331 and 1441(a) and (c) as bases for jurisdiction. The state court proceeding he purports to remove is an appeal he filed with the Hawai'i Intermediate Court of Appeals ("ICA") and/or Hawai'i Supreme Court in April 2019.[1] According to Thronas-Kahoonei, his appeal, which he also calls a complaint, "seeks judgement [sic] against Defendants for injuries that Plaintiffs allegedly suffered as a result of, 'Resisting arrest; physical force.'" ECF

---

[1] Thronas-Kahoonei identifies the Hawai'i Supreme Court in his captions, but e-Court Kokua, the state judiciary information management system, lists two appeals before the ICA, CAAP-19-0000336 and CAAP-19-0000638. *See* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/PartyIdSearch.iface (last visited Jan. 10, 2020). In the Notice of Removal, Thronas-Kahoonei identifies CAAP-19-0000336 as the case he is removing, but he also includes filings that contain references to CAAP-19-0000638. *See* ECF Nos. 1-2, 5. CAAP-19-0000638 relates to 5PC-19-0000061, which is an active state circuit court criminal prosecution. *Id.*

No. 1 at ¶ 1. Thronas-Kahoonei explains that his claims are based on strict products liability, negligent misrepresentation, negligence, and breach of warranty. *Id.* It appears that Thronas-Kaohoonei's allegations relate to a criminal prosecution against him in the Circuit Court of the Fifth Circuit, State of Hawaiʻi. ECF No. 1-2.

For the reasons stated below, the Court REMANDS this action.

## DISCUSSION

Thronas-Kahoonei argues that the Court has jurisdiction over his claims and that he timely effectuated removal. Section 1441(a) authorizes removal of an action by a defendant and provides:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *Durham v. Lockheed Martin*

*Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

Here, Thronas-Kahoonei improperly removed this action, which is his appeal of a state court criminal prosecution. *See Arizona v. Folio*, No. CR-19-08056-001PCT-DJH, 2019 WL 1643720, at *1 (D. Ariz. Apr. 16, 2019) (citation omitted) (holding that removal of state criminal appeal is improper). "The right to remove a state court case to federal court is clearly limited to defendants." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Although Thronas-Kahoonei was the defendant in the underlying state circuit court prosecution, he cannot avail himself of § 1441 because in addition to limiting the right of removal to defendants, § 1441 applies exclusively to *civil* actions. *See Durham*, 445 F.3d at 1252 ("[S]ection 1441 provides only for civil removal.").

Criminal prosecutions commenced in state court may be removed in limited circumstances not applicable here. *See* 28 U.S.C. § 1442(a) (authorizing removal

of a civil action or criminal prosecution commenced in state court against the United States and federal officers or agencies); 28 U.S.C. § 1442a (allowing removal of a civil or criminal prosecution in a state court against a member of the armed forces). Such removals must be effectuated "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Thus, even if Thronas-Kahoonei was authorized to remove his underlying criminal prosecution, he would be time-barred, as judgment entered in the criminal prosecution and the matter is on appeal. *See* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/PartyIdSearch.iface (last visited Jan. 10, 2020).[2]

Given Thronas-Kahoonei's improper removal of this action, the Court lacks jurisdiction and HERBY REMANDS the case to the ICA. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] Although not the basis for remand, the Court also notes that even if Thronas-Kahoonei could remove the action pursuant to § 1441, removal was untimely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

## CONCLUSION

In accordance with the foregoing, the Court HEREBY REMANDS this action to the ICA.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 10, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00683 JAO-KJM; *State of Hawaii v. Thronas-Kahoonei*; ORDER REMANDING ACTION